1
2
3
4
5

6              IN THE UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9

10   PHUOC VONG,                          No. C 09-5851 WHA (PR)

11              Petitioner,               **ORDER DENYING PETITION FOR
                                          WRIT OF HABEAS CORPUS**
12     v.

13   KATHLEEN ALLISON, Warden,

14              Respondent.
                                      /
15

16                          **INTRODUCTION**

17          Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus

18   challenging disciplinary proceedings at his prison at which he was found guilty of possessing a

19   weapon and had 360 of his "good time" credits taken away.  Respondent was ordered to show

20   cause why the petition should not be granted based upon the three cognizable claims.

21   Respondent moved to dismiss the petition because the third claim – that petitioner was not able

22   to present all of the evidence he wished to present at his disciplinary hearing – was not

23   exhausted.  The motion was granted and petitioner was directed to decide whether to seek a stay

24   while he exhausted the third claim or to abandon the third claim proceed only with the two

25   exhausted claims.  He chose the latter course.  Respondent has filed an answer and a

26   memorandum of points and authorities in support of it in which he argues that the two

27   exhausted claims are without merit.  The case was then reassigned to the undersigned.  For the

28   reasons set forth below, the petition is **DENIED**.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

**STATEMENT**

On January 17, 2008, petitioner and four other inmates were squatting near the sit-up benches on the prison yard when two correctional officers, Salgado and Rodriguez, approached. They summoned petitioner and Huynh, one of the other squatting inmates, and searched them. After finding no contraband, the officers instructed petitioner and Huynh to go walk on the track. The officers then inspected the area where petitioner and the other inmates had been squatting, and found a weapon fashioned from sharpened metal and white plastic buried in the dirt. The officers then handcuffed the inmates.

Petitioner was charged with violating prison rules against inmates possessing weapons, and prison officials held a disciplinary hearing on those charges. Officers Salgado and Rodriguez reported that they saw petitioner and Huynh kneeling down and apparently digging in the dirt near the sit-up benches, and that they inspected the area and found the weapon buried in the dirt. Petitioner was given an opportunity to present witnesses and evidence in his defense at the hearing. His requests for fingerprinting of the weapon, for a DNA sample, to present photographs of his hands, and for a review of the videotape of the yard at that time were denied, however. Based on the officers' reports, prison officials found petitioner guilty of possessing an "inmate-manufactured weapon." Petitioner forfeited 360 days of "good-time" credits, was sent to the Secured Housing Unit ("SHU") for one year, and his classification score was raised by 24 points.

He filed a habeas petition in the Monterey County Superior Court claiming that there was insufficient evidence to support the disciplinary findings. The petition was denied. He appealed that decision to the California Court of Appeal and the California Supreme Court, and both appeals were summarily denied. He then filed the instant federal petition.

**ANALYSIS**

Petitioner's remaining claims are that a preponderance of the evidence did not show that he was guilty of possessing a weapon, nor was there some evidence to support such a finding.

A "preponderance of the evidence" that an inmate violated prison rules is required by

1   Section 2932(a)(5) of the California Penal Code in order for prison officials to impose

2   discipline.   Whether or not this state law requirement was satisfied does not matter here,

3   however, because federal habeas relief is only available on the basis of a violation of federal

4   law, not state law.  28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011).

5   Federal law, specifically the federal constitutional right to due process, only requires "some

6   evidence" in the record from which the prison officials' conclusion could be deduced.  *See*

7   *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985); *Burnsworth v. Gunderson*, 179 F.3d 771,

8   773-74 (9th Cir. 1999).  Consequently, federal habeas relief is not available on the grounds that

9   the disciplinary finding was not supported by a preponderance of the evidence.

10          Petitioner alternatively argues that there was not even "some evidence" supporting the

11   finding that he was in possession of a weapon.  To meet the "some evidence" standard, an

12   examination of the entire record is not required nor is an independent assessment of the

13   credibility of witnesses or weighing of the evidence. *Hill*, 472 U.S. at 455.  The relevant

14   question is whether there is any evidence in the record that could support the conclusion

15   reached by the disciplinary board.  *Ibid.*  Revocation of good-time credits is not comparable to a

16   criminal conviction and neither the amount of evidence necessary to support such a conviction,

17   nor any other standard greater than some evidence, applies.  *Id.* at 456.  The Ninth Circuit

18   additionally has held that there must be some indicia of reliability of the information that forms

19   the basis for prison disciplinary actions.  *Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).

20          The state courts reasonably found that there was "some evidence" that petitioner

21   possessed an inmate-manufactured weapon.  (federal habeas relief is not available if state courts

22   reasonably applied correct federal standard) (citing 28 U.S.C. 2254(d)(1)).  Two officers

23   reported that they saw petitioner and Huynh kneeling and apparently digging the dirt in the

24   prison yard, and when they searched that area they found a weapon buried in the dirt.  From this

25   evidence, prison officials could conclude that petitioner and Huynh had either buried the

26   weapon there or that they knew the weapon was there and they were attempting to retrieve it.

27   The evidence had sufficient indicia of reliability insofar as it consisted of first-hand

28   observations by two officers who corroborated each other.  *See* or *Cf. Cato v. Rushen*, 824 F.2d

3

**United States District Court**

For the Northern District of California

1   703, 704-05 (9th Cir. 1987) (uncorroborated hearsay statement of confidential informant with

2   inconclusive polygraph not sufficiently reliable); *see Zimmerlee v. Keeney*, 831 F.2d 183, 186-

3   87 (9th Cir. 1987) (reliability may be established by among other things corroboration or

4   firsthand knowledge of prison officials).  Consequently, there was enough evidence to meet the

5   low threshold of  "some evidence" supporting the decision that petitioner possessed an inmate-

6   manufactured weapon.

7          Petitioner complains that the officers stated in their reports only that petitioner

8   "appeared" to be digging, not that they actually saw him digging.  He also cites the fact that no

9   dirt was found on petitioner's hands or fingernails, and that no witnesses saw the officers

10  "actually retrieve" the weapon from the area where petitioner had been squatting.  The absence

11  of such evidence does not preclude his possession of the weapon.  That he "appeared" to the

12  officers to be digging in the dirt would be consistent with the officers actually observing him

13  digging, or having reason to believe he had been digging.  The absence of dirt on his hands does

14  not preclude his possession of the weapon as another inmate might have buried it for him, or he

15  could have used a stick or another object to dig.  Similarly, the fact that no witnesses saw the

16  officers retrieve the weapon does not preclude their having done so.  In short, the absence of

17  stronger evidence that he possessed the weapon does not mean there was not some evidence

18  from which prison officials could conclude that he did.

19         Petitioner argues that there is only a 1.5% chance that he is guilty because over 500

20  other inmates had access to the area where the weapon was found.  This ignores the fact that

21  petitioner was one of only few inmates squatting or kneeling in the area of the weapon

22  immediately before it was found, and one of only two whom officers reported were digging in

23  the area.  He also argues that he and Huynh could not have both possessed the weapon because

24  only one weapon was found.  However, more than one person can plainly share access to,

25  knowledge of, and control of a single object.

26         Petitioner has not shown that the state courts erred in finding "some evidence" to

27  support the disciplinary decision of prison officials.  Consequently, he is not entitled to federal

28  habeas relief.

**CONCLUSION**

The petition for a writ of habeas corpus is **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November __28__, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\VONG5851.RUL.wpd

United States District Court
For the Northern District of California

5